## THE STATE *v.* RAUSCHER.

CONSTITUTIONAL LAW. *Incorporated institutions of learning. General law.* The act of 1877, ch. 23, making it unlawful to sell any intoxicating beverage within four miles of an incorporated institution of learning, is not deprived of the character of a general law by a section providing that it shall not apply to the sale of such liquors within the limits of an incorporated town.

### FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

State *v.* Rauscher.

ATTORNEY GENERAL LEA for the State.

J. M. KING for Rauscher.

COOPER, J., delivered the opinion of the court.

The first section of the act of 1877, ch. 23, makes it unlawful to sell or, tipple any intoxicating beverage within four miles of an incorporated institution of learning in this State. The second section provides that the act shall not apply to the sale of such liquors within the limits of any incorporated town. The defendant was indicted under this act for selling whisky within four miles of the East Tennessee University, and without the limits of an incorporated town, and demurred to the indictment. The demurrer was sustained, and the State appealed. The ground of demurrer is, that while the first section of the statute is a general law, the second section, by its exemption of persons selling within the limits of an incorporated town, deprives the act of its general character, and makes it a partial law within the prohibitions of the Constitution, art. 1, sec. 8, and art. 11, sec. 8. But "an act which extends to and embraces all persons who are or may come into the like situation and circumstances," is a "law of the land" within the section of the bill of rights cited. *Mayor, etc., of Alexandria* v. *Dearmon,* 2 Sneed, 121. And the Constitution, art. 11, sec. 8, while declaring that the Legislature shall have no power to suspend any general law for the benefits of particular individuals, expressly authorizes the Legislature to create corporations, or to

increase or diminish their powers by general laws, thereby showing that municipal privileges originated in this way shall not be held to fall within the prohibitions of the section. The act under consideration is strictly analogous to one which has been on our statute book since 1824, and is brought into the Code sec. 4854. That section makes it a misdemeanor to expose to sale or gift any spirituous or other liquors within one mile from the place where any assemblage of persons is collected together for religious worship, and not at his usual place of business. The exemption from the penalties of the act of persons who may sell at their usual place of business, has never been supposed to deprive the statute of its character as a general law. *West* v. *State,* 9 Hum., 66.

The judgment will be reversed and the cause remanded.